**In the MATTER OF: Andrew U.D. STRAW, Respondent**

**Supreme Court Case No. 98S00-1601-DI-12**

Supreme Court of Indiana.

February 14, 2017

Published Order Finding Misconduct
and Imposing Discipline

Loretta H. Rush, Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable James R. Ahler, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the submissions of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The four disciplinary counts in this case arise from frivolous claims and arguments advanced by Respondent in four lawsuits, three filed on his own behalf and the fourth filed on behalf of a client.

The first case, Straw v. Kloecker, arose from a defamation lawsuit Respondent had filed on his own behalf against a publishing company. After opposing counsel sought information from Respondent, Respondent sued opposing counsel in federal court, alleging racketeering activity and seeking $15,000,000 in damages and injunctive relief. The District Court dismissed Respondent's lawsuit as frivolous. When Respondent appealed, the Seventh Circuit Court of Appeals affirmed, agreeing with the District Court's determination that the suit was frivolous. The Court of Appeals also ordered Respondent to show cause why he should not be sanctioned, but ultimately elected not to impose sanctions after Respondent filed a response drawing attention to his poor financial circumstances.

In the second case, Straw v. American Bar Association et al., Respondent filed suit in federal court against the ABA and 50 law schools, alleging violations of the Americans with Disabilities Act ("ADA"). In his complaint, Respondent sought to mandate each law school to collect disability information from students and faculty, for the ABA to collect disability-based data from students and faculty, and for that information to be provided to Respondent. Respondent soon agreed in an amended complaint to dismiss the law schools from the suit after acknowledging that mandating disclosure of disability information could be an invasion that leads to discrimination. The ABA then filed a motion to dismiss the amended complaint which the District Court granted, citing Respondent's lack of standing and failure to state a cognizable claim under the ADA. Respondent did not appeal; rather, he sent a letter to the District Court protesting the standing requirement as a form of discrimination.

The third case, Straw v. Sconiers, arose from Respondent's prior representation of a client in connection with an employment discrimination claim. The former client, by

new counsel, brought a legal malpractice claim against Respondent alleging he let the applicable statute of limitations lapse without filing suit on the client's behalf. Respondent responded by filing suit in federal court against the former client, her attorney, and the St. Joseph Superior Court. Respondent alleged ADA violations by the former client and attorney and sought, among other forms of relief, for the District Court to mandate the St. Joseph Superior Court to dismiss the former client's malpractice action. The defendants filed separate motions to dismiss, which the District Court granted in an opinion that characterized Respondent's claims as "utterly frivolous" and "wholly insubstantial" and warned of potential sanctions should Respondent persist in advancing claims lacking any factual or legal basis. Notwithstanding this warning, Respondent filed a motion to amend his complaint, which the District Court (via a magistrate) denied in an order that described Respondent's pleadings as "confusing and jumbled" and described the proposed amended complaint as having "repackage[d] the same conclusory, frivolous claims previously rejected by this Court." Respondent then sought review of that order by the District Court judge, who in December 2015 affirmed the magistrate judge's ruling in an order that characterized Respondent's proposed amended complaint as "confusing, fantastical, and vague."

The fourth case, Rutherford v. Zalas, arose from a post-dissolution proceeding in Marshall Superior Court in which Respondent represented the former husband and another attorney ("Zalas") represented the former wife. Ostensibly on behalf of the former husband, Respondent filed a federal lawsuit against the former wife, Zalas, and the Marshall Superior Court, alleging that the defendants had violated the ADA by discriminating against the former husband. Respondent sought,

among other forms of relief, to enjoin the Superior Court from further action and to mandate that court to grant a change of venue. When Zalas asked Respondent to withdraw his complaint because it was frivolous, Respondent filed a motion for sanctions against Zalas. The District Court denied Respondent's motion for sanctions as "ridiculous" and warned that Respondent's conduct "may itself be sanctionable conduct." Zalas and the former wife then filed a motion to dismiss, and Respondent filed a response that lacked cogent argument as well as several other pleadings that were stricken as being outside the applicable rules of procedure. Upon discovering what was transpiring in his case, the former husband fired Respondent and instructed him to dismiss the case. Defendants initially opposed dismissal and sought sanctions against Respondent and the former husband. The issue of sanctions ultimately was settled privately between the parties and the District Court dismissed the case.

In each of the four counts, the Commission charged Respondent with violating Indiana Professional Conduct Rule 3.1, which prohibits bringing a proceeding or asserting an issue therein unless there is a basis in law and fact for doing so that is not frivolous. Following a hearing in which Respondent refused to participate, the hearing officer found Respondent violated Rule 3.1 as charged in each of the four counts and recommended that Respondent be suspended without automatic reinstatement.

 **Violations:** After carefully reviewing the hearing officer's thorough report, the Court concludes that the hearing officer's assessment of the evidence, findings of fact, and conclusions of law are well supported, and accordingly we concur with the hearing officer's conclusion that Re-

spondent violated Professional Conduct Rule 3.1 with respect to each of the four counts. Respondent's argument that the hearing officer's report must be dismissed for untimeliness is without merit; Admission and Discipline Rule 23(14)(i) (2016) provides no such remedy, and Rule 23(14)(a) (2016) expressly provides that no motion to dismiss or dilatory motion shall be entertained. Further, we categorically reject Respondent's arguments that he is being persecuted for his disability-related advocacy. A necessary corollary of the frivolousness of Respondent's lawsuits is that no relief benefitting the plaintiffs (whether a client or Respondent himself) possibly could have come from those actions. Further, Respondent's actions risked harm to himself and his client in the form of sanctions, and by Respondent's own acknowledgement the relief he sought in <u>Straw v. American Bar Association</u> <u>et al.</u> could have led to discrimination against disabled law school faculty. In sum, Respondent does not face discipline for standing up for disabled persons' rights, as he perceives, but rather for having done so incompetently.

■ **Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(18)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged. All pending motions are denied as moot.

All Justices concur, except David, J., who dissents, believing the sanction to be insufficient.